| | |
|---|---|
| Civil Action No. _21-CS-300_ | Superior Court ☐  Probate Court ☐ |
| Date Filed _June 7, 2021_ | State Court ☒  Juvenile Court ☐ |
| | Magistrate Court ☐ |

**SERVE** (stamp)

Georgia, __TROUP__ COUNTY

Willie T. Felder, Administrator of the
Estate of Mary W. Felder
_____ Plaintiff

VS

Dolgencorp, LLC., d/b/a "Dollar General,"
et al.
_____ Defendant

**Attorney's Address**

Alex L. Dixon, P.C.
313 Greenville Street
P.O. Box 3690
LaGrange, GA 30241
(706) 298-0401

**Name and Address of Party to be Served**

CSC of Cobb County, Inc., Registered Agent
for Dolgencorp, LLC., d/b/a "Dollar General"
192 Anderson Street, Suite 125
Marietta, GA 30060

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**GARNISHEE** ☐ I have this day served the Garnishee _____ by leaving a copy of the within action and summons with _____.

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of this action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant _Dollar General_ a corporation by leaving a copy of the within action and summons with _CSC of C_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _21_ day of _June_, 20_21_.

SHERIFF DOCKET _____ PAGE _____

DEPUTY _____

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant or Garnishee

_COBB_ COUNTY, GEORGIA

SC-2

# STATE COURT OF TROUP COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  21-CS-300

Felder, Willie T., AKA Administrator of Estate of Mary W. Felder

---

**PLAINTIFF**

VS.

Dolgencorp, LLC, DBA Dollar General
Reddy Ice, LLC, DBA Reddy Ice
ABC Corporation
Doe, John

---

**DEFENDANTS**

## SUMMONS

TO: DOLGENCORP, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

>   Alex L Dixon
>   Alex L Dixon, PC
>   313 Greenville Street
>   P O Box 3690
>   LaGrange, Georgia 30241

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of June, 2021.**

Clerk of State Court

_____
Jackie Taylor, Clerk
Troup County, Georgia

≞ **EFILED IN OFFICE**
CLERK OF STATE COURT
TROUP COUNTY, GEORGIA
**21-CS-300**
**WESLEY LEONARD**
JUN 07, 2021 11:39 AM

Jackie Taylor, Clerk
Troup County, Georgia

IN THE STATE COURT OF TROUP COUNTY

STATE OF GEORGIA

| | |
|---|---|
| WILLIE T. FELDER, ADMINISTRATOR OF THE ESTATE OF MARY W. FELDER, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : FILE NO: 21-CS-_____ |
| DOLGENCORP, LLC, d/b/a "DOLLAR GENERAL," REDDY ICE, LLC, f/k/a REDDY ICE CORPORATION, ABC CORPORATION and JOHN DOE, | : |
| Defendants. | : |

## COMPLAINT FOR DAMAGES

COMES NOW WILLIE T. FELDER, in his capacity as the Administrator of the Estate of MARY W. FELDER, deceased, Plaintiff in the above-captioned action, and files this Complaint for Damages against the above-named Defendants (with this action specifically being the renewal of a prior action in this Court identified as Civil Action File No. 19-CS-226, with such action having been transferred to the United States State District Court for the Northern District of Georgia and identified as Civil Action File Number 3:20-CV-051, which action was previously and voluntarily dismissed without prejudice by the Plaintiff on December 11, 2020, with this renewal action being brought in accordance with O.C.G.A. §§ 9-2-61 and 9-11-41 and any other applicable law within the time period allowed by such provisions), respectfully showing to the Court as follows:

### Jurisdiction and Venue

1.

Plaintiff WILLIE T. FELDER has been formally appointed as the Administrator of the Estate of MARY W. FELDER, deceased, who passed away while the previous action was pending.

2.

Defendant DOLGENCORP, LLC, d/b/a "Dollar General" (hereinafter Defendant "Dollar General"), is a Kentucky Corporation, duly authorized to transact business in the State of Georgia and is and has for some time done business in Troup County, Georgia, and regularly conducts business and operates numerous retail stores in Troup County, Georgia as "Dollar General."

3.

Defendant Dollar General may be served with process through its registered agent for service, to wit: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

4.

Defendant Reddy Ice LLC, f/k/a Reddy Ice Corporation (hereinafter Defendant "Reddy Ice"), is a Nevada Corporation, duly authorized to transact business in the State of Georgia and is and has for some time done business in Troup County, Georgia and regularly conducts business in Troup County, Georgia as "Reddy Ice."

5.

Defendant Reddy Ice may be served with process through its registered agent for service, to wit: CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

6.

Defendant ABC Corporation is a fictitious corporation duly authorized to transact business in the State of Georgia and for some time has operated in Troup County, Georgia and may be served by its registered agent in the State of Georgia.

7.

Defendant John Doe is a fictitious individual who resides in Troup County Georgia and may be served in Troup County, Georgia.

### Agency

8.

Whenever in this Complaint it is alleged that any named Defendant committed any act or omission, it is meant that said Defendants' officers, agents, servants, employees or representatives committed such act or omission and that at the time of such act or omission, it was committed with the full authorization or ratification of said Defendants or was committed in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

### Nature of Action

9.

This is a negligence action brought by the Plaintiff to recover all damages suffered as a result of Defendants' failure to keep the premises of the Dollar General retail store located at 200 Colquitt Street, LaGrange, Troup County, Georgia (the "store"), in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and excruciating pain.

### Facts

10.

At all times relevant hereto, Dollar General owned, operated and managed the store commonly known as Dollar General located at 200 Colquitt Street, LaGrange, Troup County, Georgia.

11.

At all times relevant hereto, Reddy Ice owned, operated and managed an ice machine located on the store property at 200 Colquitt Street, LaGrange, Troup County, Georgia.

12.

On July 12, 2017, Mary W. Felder, now deceased, was a customer and invitee of Dollar General, whereon she was shopping for items at the store known as Dollar General located at 200 Colquitt Street, LaGrange, Troup County, Georgia.

13.

While at the store the Plaintiff slipped and fell on the concrete walkway located near and/or around the ice machine operated by Reddy Ice on the premises of Dollar General located at 200 Colquitt Street, LaGrange, Troup County, Georgia.

14.

Mary W. Felder's fall was a direct result of the defective condition in which the walkway on the premises was designed, built, supervised, inspected and/or maintained. Said walkway located on the premises, due to the condition of the subject walkway as well as the condition of the subject ice machine located on such walkway, constituted a dangerous condition.

15.

At all times complained of, upon information and belief, the store was operated, inspected and maintained by Dollar General.

16.

At all times complained of, upon information and belief, the ice machine was owned, operated, inspected and maintained by Reddy Ice.

17.

At all times complained of, upon information and belief, the ice machine was managed by both Dollar General and Reddy Ice.

18.

At all times complained of, upon information and belief, the premises whereon the store was located was solely and completely operated and managed by Dollar General.

19.

At all times complained of, upon information and belief, the premises whereon the store was located was managed by Dollar General and Defendant John Doe, operating as an agent of Dollar General.

20.

Defendants were negligent for failing to build, keep, operate, inspect, supervise and maintain the premises, including the subject walkway and ice machine, in a safe condition.

21.

As a direct and proximate result of Defendants' negligent acts and/or omissions, Mary W. Felder suffered severe physical injuries.

22.

As a direct and proximate result of Defendants' negligence, Mary W. Felder suffered excruciating and severe physical stress incident to the shoulder, back and neck pain, causing extensive medical treatment, including invasive treatment to the shoulder, neck and back.

23.

Defendants had actual and/or constructive knowledge of the dangerous condition on the property which was superior to the knowledge that Mary W. Felder had of said condition.

24.

Defendants failed to cure and/or prevent such dangerous condition on the subject property.

25.

Defendants failed to warn Mary W. Felder of the dangerous condition on the subject property.

26.

At all times relative to this incident, Mary W. Felder was exercising due care for her own safety.

27.

Defendants caused a distraction so as to prevent Plaintiff from discovering, recognizing and/or avoiding the dangerous condition.

### Count One

28.

Plaintiff hereby re-alleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully set forth and stated verbatim herein.

29.

Plaintiff has a right to recover for all general and special damages associated with the personal injury to Mary W. Felder, including but not limited to, pain and suffering.

30.

Defendants have been negligent as described above and said negligence having caused severe injury to Mary W. Felder, the Plaintiff is entitled to recover from said Defendants all damages allowed under Georgia law, including, but not limited to, damages for personal injuries.

### Count Two

31.

Plaintiff hereby re-alleges and incorporates paragraphs one (1) through thirty (30) as if fully set forth and stated verbatim herein.

32.

Plaintiff has the right to recover for all general and special damages associated with a personal injury, with said amounts to be proven at any trial in this matter, along with additional damages not limited to pain and suffering.

33.

Defendants knew or in the exercise of ordinary care, should have foreseen that the subject walkway would be used and traversed by patrons, guests and/or invitees.

34.

Defendants, as owners, operators and managers of the store located at 200 Colquitt Street LaGrange, Georgia, have, or in the exercise of ordinary care, should have had a degree of knowledge and expertise in the proper and safe maintenance of such walkway which is superior to that of an ordinary store patron, guest and/or invitee who used or traversed such walkway.

35.

Defendants, as owners, operators and managers of the machine located at 200 Colquitt Street, LaGrange, Georgia, have, or in the exercise of ordinary care, should have had a degree of knowledge and expertise in the proper and safe maintenance of such machine and adjacent area to machine that was superior to that of an ordinary store patron, guest and/or invitee who would traverse the area around said machine and adjacent area to the ice machine.

36.

At the time and place of the incident complained of, Defendants owed Mary W. Felder and all invitees onto the property a duty of exercising ordinary care to maintain the store premises, ice machine and adjacent area around the ice machine, in a reasonably safe condition, to correct dangerous conditions of which they knew or should have known, and to warn invitees of any dangerous condition of which they had, or should have had, knowledge greater than that of invitees.

37.

At the time and place of the incident complained of, Defendants breached these duties owed to the Plaintiff in one or more of the following ways:

a) They negligently and carelessly maintained the walkway and machine in an unsafe, dangerous and defective condition;

b) They negligently and carelessly failed to discover the unsafe, dangerous and defective condition of the walkway and machine by conducting proper inspections;

c) They negligently and carelessly failed to discover the cause of the unsafe, dangerous and defective condition of the walkway and machine by conducting proper inspections;

or

d) After they learned or discovered this dangerous, unsafe and defective condition of the walkway and machine, they nonetheless failed to cause appropriate steps to be taken to remedy such condition and negligently and carelessly failed to correct it;

e) After they learned or discovered this dangerous, unsafe and defective condition with the walkway and machine, they nonetheless failed to cause appropriate steps to be taken to remedy such condition and negligently and carelessly failed to correct it;

f) They conducted their business in such a manner as to distract patrons, such as the Plaintiff, from the dangerous, unsafe and defective condition, removing any room for Patrons like the Plaintiff to have equal or superior knowledge of the dangerous, unsafe and defective condition; and

g) After learning of the dangerous condition, they negligently and carelessly failed to warn the Plaintiff about it.

38.

At all times complained of, the unsafe and dangerous condition of the premises, in particular the walkway and ice machine, was a defect unknown to the Plaintiff and was not discoverable by her in the exercise of reasonable care.

39.

At all times complained of, Defendants knew, or in the exercise of ordinary care, should have known of the unsafe, dangerous and defective condition in the premises, in particular the wet.slippery walkway and leaking machine, and that such condition, if not remedied, created a particular, inherent, intrinsic and reasonable risk of harm to persons coming upon the store premises and area adjacent to the machine.

40.

Defendants, having been negligent as described above, and said negligence having caused severe injury to the Plaintiff, the Plaintiff is entitled to recover from the Defendants all damages allowed under Georgia law.

41.

The wrongful conduct of Defendants was done wantonly, recklessly, and with conscious indifference to the consequences and the rights and safety of others. Exemplary damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

## **Count Three**

42.

Plaintiff hereby re-alleges and incorporates paragraphs one (1) through forty-one (41) as if fully set forth and stated verbatim herein.

43.

The premises at issue is a public, retail building and surrounding improvements as defined by O.C.G.A. §§ 30-3-1, *et. seq.*

44.

Defendants knew or in the exercise of ordinary care should have known, that the walkway and machine on the premises failed to comply with the statutes referenced above.

45.

In spite of such knowledge of the defects regarding the walkway and ice machine at issue, Defendants failed to make the necessary inspections, repairs, changes or warnings regarding said premises to Plaintiff.

46.

As such, Defendants willfully violated the duties imposed upon it by public policy of this State as expressed in State statutes and laws.

47.

As a direct and proximate result of the intentional, willful, wanton and reckless conduct of the Defendants in violating said laws of the State of Georgia, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial by the enlightened conscience of the jury, but not less than $250,000.00.

WHEREFORE, Plaintiff prays as follows:

a) That process issue and the Defendants be served according to law;

b) That Plaintiff have a trial by a jury of twelve (12) of his peers;

c) That Plaintiff have judgment against Defendants, jointly and severally, for all damages allowed under Georgia law, including, but not limited to, recovery for general and special damages, pain and suffering, both mental and physical, past,

present and future, in an amount to be proven at the time of trial in such an amount as determined by a fair and impartial jury of his peers;

d) that the Plaintiff recover the costs of this litigation;

e) For such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted this 7th day of June, 2021.

**Lonnie J. Haralson, IV, P.C.**

By: /s/ Lonnie J. Haralson, IV
Lonnie J. Haralson, IV
Attorney for Plaintiff
Georgia Bar No.: 153027

P.O. Box 3597
LaGrange, Georgia 30241
(706) 298-2700
lonnie@lonnieharalson.com

**Alex L. Dixon, P.C.**

By: /s/ Alex L. Dixon
Alex L. Dixon
Attorney for Plaintiff
Georgia Bar No.: 223246

313 Greenville Street
P.O. Box 3690
LaGrange, Georgia 30241
(706) 298-0401
alex@alexdixonlaw.com